FIENO, APPELLEE, *v.* BEATON, APPELLANT.

(No. C-790033—Decided March 12, 1980.)

*Condit & Dressing Co., L.P.A.,* and *Mr. James J. Condit,* for appellee.

*Messrs. Frost & Jacobs* and *Mr. Frederick J. McGavran,* for appellant.

*Per Curiam.* Plaintiff-appellee, Gabriel Fieno, instituted this civil action for assault by filing his complaint in the Court of Common Pleas of Hamilton County on August 5, 1976, in which he alleged that defendant-appellant, Frank Beaton, maliciously injured appellee on March 7, 1976. At the time of the alleged assault, appellant was employed as a hockey player by the Cincinnati Stingers; and, at some point thereafter, he was traded to the Edmonton Oilers of Alberta, Canada, and departed this state. Service of process on appellant was initially attempted by certified mail at appellant's last known Cincinnati residence, but was returned, undelivered, with the notation, "moved, not forwardable." Appellee's attorney then made three separate requests for personal service upon appellant, at least two of which related to dates when the Oilers

were scheduled to play the Stingers in Cincinnati, at the Cincinnati Coliseum; but, in each case, appellee's attorney was notified that personal service had been unsuccessful because appellant was "out of city," or the process server had been "unable to contact" appellant, respectively. Appellee further attempted service of process by requesting personal service upon appellant at the Hamilton County Courthouse on June 2, 1977, when appellant was scheduled to defend himself against criminal charges arising from the alleged assault on appellee. Although defense counsel were present, appellant himself did not appear at that hearing, and service of process again was unsuccessful.[1]

On April 13, 1977, appellee sought service by registered mail, return receipt requested, on appellant, in care of the Edmonton Oilers, Edmonton Coliseum, 7424 118th Avenue, Edmonton, Alberta T5B4M9, Canada. Apparently, no signed receipt was ever returned, since none appears in the record. However, there was an inquiry about the registered letter from the United States Post Office, directed to the Alberta postal authorities, who responded as follows: "Subject register delivered on 20/7/77 [sic] to Signature of recognized representative."

Appellant thereafter filed a motion to dismiss the complaint for lack of jurisdiction over his person on the ground that service of process had been insufficient, and further moved to dismiss on the ground that the action was barred by the applicable statute of limitations. The court overruled both motions, finding, inter alia, that service of process on appellant was accomplished through the Canadian postal service; and, in due course, it rendered a judgment in favor of appellee. This appeal followed and presents two assignments of error for review.

The first assignment of error contends that the court erred in overruling appellant's motion to dismiss for lack of personal jurisdiction, appellant arguing that he never was validly served with process. We disagree, and conclude that the trial court did not err in finding that it gained personal jurisdiction

---

[1] Appellee also attempted service by publication on the appellant pursuant to Civ. R. 4.4. The trial court ruled that service by this method was ineffective to confer jurisdiction over the appellant on the court, and that decision was not appealed.

over appellant through service of process by the Canadian postal authorities.

Civ. R. 4.3(A)(3) authorized service of process on appellant in Canada, inasmuch as appellant was alleged to have caused a tortious injury in this state. In such circumstances, when service is to be effected on a defendant in a foreign country, Civ. R. 4.5(A)(5) provides that service may be made by "any form of mail requiring a signed receipt, when the clerk of the court addresses and dispatches this mail to the party to be served." Appellee's compliance with this rule is evidenced by the presence in the record of a request for service by registered mail to the above Canadian address, *i.e.*, a request for service by a "form of mail requiring a signed receipt," and an indication that the clerk of court fulfilled this request.

Civ. R. 4.5 further provides, in pertinent part, that:

"(B) ***When mail service is made pursuant to subdivision (A)(5) of this rule, proof of service shall include a receipt signed by the addressee *or other evidence of delivery to the addressee satisfactory to the court.*" (Emphasis added.)

As noted above, there is no receipt signed by appellant or anyone else in the record, and the primary thrust of appellant's argument is that there was no other evidence of the delivery that could be deemed "satisfactory to the court," and thus the attempted service failed. In support of this assertion appellant submitted an affidavit in which he averred that he had neither appointed anyone connected with the Oilers as his representative for receiving service of process in his behalf, nor had he received service of process from any such person. However, there is proof that service was delivered to a "recognized representative," and there is not any evidence in the record that appellant did not in fact receive the registered letter, either directly from the Canadian postal deliverer or indirectly from someone else who signed for its receipt. Moreover, our review of the record, including, *inter alia,* evidence presented on the motion to dismiss from which one could at least permissibly infer that appellant or his employer or co-employees allegedly intended to thwart appellee's earlier attempts to serve appellant with process, convinces us that appellant in fact knew that appellee had filed a complaint against him.[2] We therefore uphold the trial court's finding that there

[2] For example, a process server testified that when he attempted to serve appellant with process at the Cincinnati Coliseum when appellant was there to play

was satisfactory evidence of delivery of process to appellant. The first assignment of error is overruled.

In his second assignment of error, appellant urges that the court erred in overruling his motion to dismiss on the ground that the action was barred by the applicable statute of limitations. This argument lacks merit in view of our disposition of the first assignment of error. Under R. C. 2305.11(A), appellee had one year from March 7, 1976, the date on which his cause of action accrued, in which to commence his action for assault. The complaint was filed and the action was commenced on August 5, 1976, well within the one-year limitation, inasmuch as service of process was obtained on July 20, 1977, *i.e.,* within one year of the filing of the complaint. Civ. R. 3(A). The second assignment of error is overruled.

All assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

BETTMAN, P. J., PALMER and KEEFE, JJ., concur.

---

hockey, he was prevented from seeing appellant either before or after the game by people who worked with appellant.