OPINION
Defendant-appellant, Charles J. Kvinta, appeals from the April 19, 1999 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, finding him in contempt for failure to comply with a prior order of the court regarding discovery and fining him $100 per day until such time as compliance occurs. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.
On January 9, 1995, appellee, Anita J. Kvinta, filed a complaint for legal separation. For the next year, appellee attempted to serve appellant who lives and works in Kuwait. Attempts at registered mail service were returned as unclaimed, and numerous attempts at personal service were also unsuccessful. Finally, on January 3, 1996, service on appellant was made by ordinary mail, and this mailing was not returned.
Thereafter, appellant filed a motion to dismiss claiming lack of jurisdiction over the subject matter (appellee could not establish the existence of a common law marriage), lack of jurisdiction over the person, and insufficiency of service of process. The magistrate conducted an evidentiary hearing on the motion on May 16, 1996. On October 1, 1996, the magistrate issued a decision finding that service of process had not been perfected upon appellant. The magistrate dismissed the action without reaching the other bases for appellant's motion.
Appellee filed objections to the magistrate's decision but did not order a complete transcript of the hearing. Rather, appellee submitted only six pages of transcript from the evidentiary hearing. The record before us does not contain those pages. A full transcript of the hearing was eventually filed with the trial court on January 8, 1998, in connection with the issue of whether appellee had established the existence of a common law marriage. However, this transcript was not available to the trial court at the time it ruled on the objections concerning service of process and personal jurisdiction. Appellant asked that the trial court "revisit" the issues of sufficiency of service of process and jurisdiction over the person in connection with his objections to the magistrate's decision finding the existence of a common law marriage. In its decision of March 24, 1998, overruling appellant's objections, the trial court declined to revisit those issues.
Appellee's objections to the magistrate's decision were set for hearing on November 18, 1996. In the interim, the Ohio Supreme Court had issued an order designating a visiting judge "to preside in the Franklin County Court of Common Pleas, Domestic Relations and Juvenile Divisions, for the week of November 18-22, 1996 and to conclude any proceedings in which she participated that are pending at the end of that period." (Certification of Assignment, filed Nov. 18, 1996.) The visiting judge conducted the hearing on appellee's objections. The hearing did not include the introduction of any new evidence. A transcript of that hearing was not made part of the record.
On February 28, 1997, the original trial court judge, not the visiting judge, rendered her decision sustaining appellee's objections and finding that appellant had been properly served by ordinary mail pursuant to Civ.R. 4.6(D).
Appellant filed a motion to reconsider, arguing: (1) that the trial court erred in ruling on a matter that had been submitted to a visiting judge without conducting its own hearing; (2) that it was error for the trial court to make findings of fact that were at variance with the magistrate's decision when a full transcript of the proceedings had not been filed; and (3) that the trial court's decision was incorrect in that the other two bases for the motion to dismiss, jurisdiction over the person, and the existence of a common law marriage, had not been ruled on by the magistrate.
On April 29, 1997, the trial court overruled the motion to reconsider. With respect to the issue of personal jurisdiction, the trial court found that appellant had admitted in his motion to dismiss that he owned real property in Mansfield, Ohio. Based on appellant's property ownership in Ohio, which may be subject to division in the action for legal separation, the trial court concluded that appellant had sufficient minimum contacts with the state of Ohio to subject him to service under Civ.R. 4.3(A)(6). The trial court remanded the matter to the magistrate for consideration of whether the parties lived in a common law marital relationship after their divorce in 1979.[1]
Appellee then filed numerous discovery requests, and ultimately a motion to compel discovery. The trial court sustained the motion to compel and, on October 1, 1998, ordered appellant to provide the requested materials within thirty days of its decision.
On December 14, 1998, appellee filed a motion for contempt, as appellant had not complied with the discovery order. A hearing was held before the successor judge to the trial court, who found appellant in contempt. It is from this judgment entry that appellant has appealed, assigning as error the following:
Assignment of Error No. 1
 THE CASE HAVING BEEN ASSIGNED TO JUDGE KERN IN NOVEMBER 1996, JUDGE SUSAN BROWN AND HER SUCCESSOR LACKED JURISDICTION TO RULE ON THE OBJECTIONS SUBMITTED TO JUDGE KERN OR TO TAKE FURTHER ACTION ON SAID CASE.
Assignment of Error No. 2
 THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY OF CONTEMPT FOR FAILING TO COMPLY WITH JUDGE SUSAN BROWN'S ORDER AS TO DISCOVERY WHEN THE COURT HAD NO JURISDICTION OVER DEFENDANT SINCE HE WAS NOT SERVED PROPERLY WITH PROCESS AND WAS NOT SUBJECT TO IN PERSONAM JURISDICTION PURSUANT TO RULE 4.3 [sic] (8) IN THIS ACTION FOR SEPARATE MAINTENANCE.
In his first assignment of error, appellant contends that the trial court lacked jurisdiction to rule on appellee's objections or take further action on the case unless or until the Ohio Supreme Court issued an order restoring the case to her docket and authorizing her to proceed. In support of this argument, appellant cites Berger v. Berger (1981), 3 Ohio App.3d 125, and Arthur Young Co. v. Kelly (1990), 68 Ohio App.3d 287.
In Berger, different judges from the same court made rulings in a divorce case without a journal entry or order transferring the case from the original assigned judge. The Cuyahoga County Court of Appeals held that such substitution did not go to the jurisdiction of the court or render the rulings void. However, in those cases where a party timely objected to a judge's individual authority to act on a matter and there was no journal entry stating a justifiable reason for transferring the case to another judge, the rulings by the successor judge were voidable.
In Young, an evidentiary hearing on a contempt motion was held, and the trial court took the matter under advisement. Before the court could act, the trial judge was defeated in the judicial election. Eventually, the successor judge ruled on the matter over the defendant's objection. The court reviewed the transcripts of the contempt hearing and post-hearing memoranda and found defendant in contempt. On appeal, this court noted numerous credibility issues were involved at the contempt proceeding and held that the trial court erred in adjudging the defendant in contempt on the basis of the transcript. Id. at 298.
The instant case is factually different. Here, the Ohio Supreme Court appointed a visiting judge for a specific period of time. After the visiting judge's appointment had expired, the original assigned judge then ruled on the matter.
Appellant argues that, because proceedings were pending in which the visiting judge had participated, the trial court was without jurisdiction to rule unless the assignment made by the Ohio Supreme Court were rescinded or modified. We decline to take such an expansive view of the term "proceedings that are pending."
The hearing conducted by the visiting judge was not an evidentiary hearing involving matters of credibility. If the visiting judge had conducted a hearing in which she heard additional evidence, the situation would be more akin to that ofYoung, supra, and may have necessitated the trial court conducting a new hearing. Here, however, the facts of appellee's numerous attempts at service were contained within the file. The trial court familiarized itself with the file, examined the notes of the visiting judge, and studied the portions of the transcript submitted by appellee. A hearing on appellant's objections was not mandatory, and the trial court had before it all the factual information necessary to determine if appellant had been served. Credibility was not an issue. Appellant, therefore, cannot show that he was prejudiced by the trial court's action. Accordingly, the first assignment of error is not well-taken and is overruled.
In his second assignment of error, appellant argues it was error to find him in contempt because: (1) he had never been properly served with the summons and complaint; and (2) that the trial court lacked in personam jurisdiction over appellant.
Civ.R. 4.5 addresses service of process in a foreign country and provides as follows:
 (A) Manner. When Civ. R. 4.3 or Civ. R. 4.4 or both allow service upon a person outside this state and service is to be effected in a foreign country, service of the summons and complaint may also be made:
 (1) In the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction when service is calculated to give actual notice;
 (2) As directed by the foreign authority in response to a letter rogatory when service is calculated to give actual notice;
 (3) Upon an individual by delivery to him personally;
 (4) Upon a corporation or partnership or association by delivery to an officer, a managing or general agent;
 (5) By any form of mail requiring a signed receipt, when the clerk of the court addresses and dispatches this mail to the party to be served;
(6) As directed by order of the court.
 Service under division (A)(3) or (A)(6) of this rule may be made by any person not less than eighteen years of age who is not a party and who has been designated by order of the court, or by the foreign court. On request the clerk shall deliver the summons to the plaintiff for transmission to the person or the foreign court or officer who will make the service.
 (B) Return. Proof of service may be made as prescribed by Civ. R. 4.1(B), or by the law of the foreign country, or by order of the court. When mail service is made pursuant to division (A)(5) of this rule, proof of service shall include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court.
In this case, it is undisputed that appellee never perfected service on appellant by any of the means set forth in Civ.R. 4.5(A). Appellee hired a special process server in Kuwait who indicated the reason he was not able to serve appellant in Kuwait was because appellant was "hiding." Registered mail service was returned as unclaimed. Appellee then served appellant by ordinary mail pursuant to Civ.R. 4.6(D). The issue is whether appellee could avail herself of the provisions in Civ.R. 4.6(D) and serve appellant by ordinary mail after registered mail service was returned as unclaimed. We answer the question in the affirmative.
Civ.R. 4.6(D) provides:
 Service unclaimed. If a certified or express mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record or, if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party, by mail.
Civ.R. 4 through 4.6 deals with process and should be read together. Fink, Greenbaum, Wilson, Guide To The Ohio Rules Of Civil Procedure (2 Ed. 1999) 49, Section 4-1. Ordinary mail service under Civ.R. 4.6(D) is routinely requested by the plaintiff when Civ.R. 4.3(B)(1) certified mail service sent to another state has been returned as unclaimed. E.g., Olezewski v.Niam (Sept. 22, 1993), Montgomery App. No. 13936, unreported. Therefore, it is proper to conclude that, subject to the provisions of the Hague Convention or other applicable treaties, as well as the law of the country in which service is to be made, if out-of-state service is authorized by Civ.R. 4.3(A), but certified or registered mail service made under Civ.R. 4.5 is returned refused or unclaimed, then under Civ.R. 4.6(C) or (D) service may be made by ordinary mail. Cf. R.C. 1.02(G) ("Registered mail" includes certified mail and "certified mail" includes registered mail).
In addition, Civ.R. 4.5(B) provides that when mail service is made pursuant to division (A)(5) of that rule, "proof of service shall include a receipt signed by the addressee orother evidence of delivery to the addressee satisfactory to thecourt." (Emphasis added.) In Fieno v. Beaton (1980), 68 Ohio App.2d 13, the plaintiff filed a civil assault action against a professional hockey player who had played for the Cincinnati Stingers at the time of the alleged assault but who had subsequently been traded to the Edmonton Oilers. Service was made by registered mail, return receipt requested, directed to the defendant in care of the Edmonton Oilers at the team's business address in Edmonton, Alberta, Canada. Id. at 14. No return receipt appeared in the record, although an inquiry was directed by the U.S. Postal Service to the Alberta postal authorities, who responded, "`Subject register delivered on 20/7/77 [sic] to Signature of recognized representative.'" Id. The Hamilton County Court of Appeals concluded that "one could at least permissibly infer that [defendant] or his employer or co-employees allegedly intended to thwart [plaintiff's] earlier attempts to serve [defendant] with process * * * [and] that [defendant] in fact knew that [plaintiff] had filed a complaint against him." Id. at 15. "For example, a process server testified that when he attempted to serve [defendant] with process at the Cincinnati Coliseum when [defendant] was there to play hockey, he was prevented from seeing [defendant] either before or after the game by people who worked with [defendant]." Id. at 15-16, fn. 2. Based upon these facts, even without a receipt signed by the defendant, the court found "other evidence of delivery to the addressee satisfactory to the court." Id.
Likewise, in the instant case, there was evidence in the record from which the trial court could infer that appellant intentionally sought to thwart service of process. Ordinary mail was sent to the same address where registered mail was returned as unclaimed, and that ordinary mail was not returned. This was evidence of delivery to appellant satisfactory to the trial court. Under these circumstances, we find that the trial court correctly found service of process.
Appellant argues that, even if service was properly perfected, the trial court lacked jurisdiction over his person. In order for a court to render a valid judgment, it must have personal jurisdiction over the parties. Maryhew v. Yova (1984),11 Ohio St.3d 154, 156. Therefore, if the trial court were without personal jurisdiction over appellant at the time it entered judgment finding him in contempt, appellant would be entitled to have the judgment vacated. State ex rel. Ballard v.O'Donnell (1990), 50 Ohio St.3d 182.
Civ.R. 4.3(A) states the requirements for service on out-of-state parties and is substantially equivalent to Ohio's long-arm statute, R.C. 2307.382. The long-arm statute authorizes the exercise of personal jurisdiction over nonresident defendants, while Civ.R. 4.3 provides for service to effectuate that jurisdiction. Kentucky Oaks Mall Co. v. Mitchell's Formal Wear,Inc. (1990), 53 Ohio St.3d 73, 75. Civ.R. 4.3(A)(6) and (8) provides, in pertinent part:
 (A) when service permitted. Service of process may be made outside of this state, as provided in this rule, in any action in this state, upon a person who, at the time of service of process, is a nonresident of this state or is a resident of this state who is absent from this state. "Person" includes an individual, an individual's executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:
* * *
 (6) Having an interest in, using, or possessing real property in this state;
* * *
 (8) Living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising for spousal support, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state[.]
Here, without the benefit of the full transcript of the hearing before the magistrate, the trial court could not find that it could exercise personal jurisdiction over appellant pursuant to Civ.R. 4.3(A)(8). Appellee argues that, based on the transcript of the May 16, 1996 hearing, it is clear that Civ.R. 4.3(A)(8) does apply.
The trial court then considered whether appellant was subject to process under Civ.R. 4.3(A)(6). The trial court found that appellant acknowledged owning real estate in Mansfield, Ohio, and that appellee sought to be awarded an equitable division of the assets. Based on this finding, the trial court found that it had acquired jurisdiction over the person of appellant. We disagree.
Few cases discuss long-arm jurisdiction pursuant to R.C.2307.382(A)(6), which is substantially equivalent to Civ.R. 4.3(A)(6). See U.S. Sprint Communications Co. Ltd. Partnership v.Mr. K's Foods, Inc. (1994), 68 Ohio St.3d 181 (Civ.R. 4.3[A] and R.C. 2307.382[A] are consistent and compliment each other). Those cases that do discuss personal jurisdiction under R.C.2307.382(A)(6) hold that the claim in question must be related to the property.
In The Bank of Nova Scotia v. McGregor (Dec. 24, 1991), Fairfield App. No. 19-CA-91, unreported, the defendant established his residence in Canada and, while there, executed a promissory note to the plaintiff bank. The Fairfield County Court of Appeals held that personal jurisdiction was lacking when there was no nexus between an action on an unsecured signature loan and the defendant's interest in real property in Ohio.
Similarly, in Leonesio v. Carter (May 11, 1992), Butler App. No. CA91-08-136, unreported, the court of appeals upheld dismissal of an action when there was no nexus between the cause of action, a complaint upon a promissory note executed in the state of Michigan, and the defendant's alleged interest in real property in Butler County, Ohio.
Here, the action is one for legal separation. Although appellee has sought a division of property, the action is not one arising from appellant's interest in, possession, or use of the real property in Mansfield, Ohio. Accordingly, it was error for the trial court to find personal jurisdiction pursuant to Civ.R. 4.6(A)(6).
Appellee argues that even if this court finds that Civ.R. 4.3(A)(6) does not apply, it is clear that Civ.R. 4.3(A)(8) does apply, and any error by the trial court in finding Civ.R. 4.3(A)(6) applicable is harmless. However, an appellate court cannot consider a transcript on appeal that was not filed with the lower court before it made its judgment. State ex rel. Duncan v.Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730; State v.Ishmail (1978), 54 Ohio St.2d 402. Accordingly, we cannot consider the May 16, 1996 transcript in connection with the issues raised on this appeal.
The issue of whether the court can exercise personal jurisdiction over appellant by means of Civ.R. 4.3(A)(8) has not been ruled on by the trial court because, at the time it made its ruling, it did not have before it the full transcript of the May 16, 1996 hearing.[2] On remand, the trial court may wish to review the full transcript of the May 16, 1996 hearing to determine if sufficient facts exist to establish the parties were "living in the marital relationship within the state." If the trial court finds personal jurisdiction, pursuant to Civ.R. 4.3(A)(8), is lacking, the judgment of contempt must be vacated. The second assignment of error is sustained in part and overruled in part.
Based on the foregoing, appellant's first assignment of error is overruled, and the second assignment of error is sustained in part and overruled in part. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed in part and reversed in part, and this matter is remanded to the trial court for further proceedings in accordance with this opinion.
Judgment affirmed in part, reversed in part, and remandedfor further proceedings.
KENNEDY and PETREE, JJ., concur.
[1] On October 24, 1997, the magistrate found that a common law marriage exists between the parties as of September 1981. Appellant filed objections to the magistrate's decision that were overruled by the trial court on March 24, 1998.
[2] Appellee was not required to submit a full transcript of the May 16, 1996 hearing, as the only basis for her objections was the issue of sufficiency of service of process. The issue of personal jurisdiction pursuant to Civ.R. 4.3 was not addressed by the magistrate and was not grounds for objection.